IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KHADIR IZAAH AMIR : WISDOM,   :
                              :
       Plaintiff,             :
                              :
v.                            :  Civil Action No. 22-1436-CFC
                              :
SYNCHRONY FINANCIAL, et al.,  :
                              :
       Defendants.            :

Khadir Izaah Amir : Wisdom, Springfield, NY.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 7, 2023
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Khadir Izaah Amir : Wisdom, III appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) He commenced this action on October 31, 2022, naming as Defendants Synchrony Financial ("Synchrony") and the Corporation Trust Company ("CTC"). (D.I. 2) Plaintiff subsequently filed a motion to amend the complaint. (D.I. 8) Before the Court had an opportunity to rule on the motion to amend, or to screen the case pursuant to 28 U.S.C. § 1915(e)(2)(B), Defendant Synchrony filed a motion to dismiss the original Complaint, and therein opposed the motion to amend as futile. (D.I. 9)[1] The Court will grant Plaintiff's motion to amend and treat the Amended Complaint (D.I. 8-1) as the operative pleading. Plaintiff filed a motion to strike the motion to dismiss (D.I. 13), which Defendant Synchrony opposes. (D.I. 16) The Court will address the motions and will also screen the Amended Complaint pursuant to § 1915(e)(2)(B).

I. **BACKGROUND**

Plaintiff's allegations, as best that this Court is able to discern them the Amended Complaint, are assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Plaintiff essentially alleges that

---

[1] Plaintiff later filed an unauthorized second amended complaint (D.I. 14), which the Court ordered struck from the docket because it was filed more than 21 days after Defendant Synchrony filed the motion to dismiss. (D.I. 15)

he entered into some undefined financial loan agreement with Synchrony, and later sought to rescind transactions under the agreement pursuant to various federal statutes. Plaintiff further alleges that Synchrony and CTC, apparently as Synchrony's registered agent, were unresponsive to his requests to rescind the transactions.

Plaintiff asserts a claim for fraudulent misrepresentation, as well as claims for violations of the Truth in Lending Act ("TILA") and the Fair Debt Collection Practices Act ("FDCPA"). For relief, Plaintiff requests $14,000 in damages as well the apparent forgiveness of any amounts he still owes Synchrony.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to

2

the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

3

"In evaluating a motion to dismiss," the Court "may consider documents that are attached to or submitted with the complaint . . . matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotation marks omitted).

**B.  28 U.S.C. § 1915(e)(2)(B)**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling

on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## III. DISCUSSION

Plaintiff's Amended Complaint, even when viewed in the light most favorable to him, is frivolous and fails to state a claim for relief. The Court's experience and common sense lead it to the conclusion that the allegations, to the extent that they can be understood, are legally and factually frivolous. In other words, they "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). As pled, there is no legal basis for Plaintiff's claim against either Defendant. Similarly, the Court concludes that Plaintiff's largely unintelligible allegations are insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 67.

5

Additionally, the Court notes that on the same day Plaintiff filed this case, he filed two nearly identical complaints in this Court against other financial institutions. *See Wisdom v. Discovery Financial Services*, No. 22-cv-1437-CFC and *Wisdom v. JP Morgan Chase & Co.*, No. 22-cv-1438-CFC. Taken together, Plaintiff's assertions that three separate financial institutions engaged in identical financial malfeasance against him further underlines the frivolity of his claims.

Accordingly, the Amended Complaint will be dismissed as frivolous and for failure to state a claim. The Court finds amendment futile.

## IV. CONCLUSION

For the above reasons, the Court will grant Defendant Synchrony's motion to dismiss, deny Plaintiff's motion to strike, and dismiss the Amended Complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The Court will issue an Order consistent with this Memorandum Opinion.